UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALBERTO RESTO,

                              Plaintiff,

                                                                    9:08-CV-0340
v.                                                                  (LEK/GHL)

WEISSMANE, Doctor, Upstate C.F.;
N. SMITH, Nurse Administrator, Upstate C.F.;
CHESSBOARD, Registered Nurse, Upstate C.F.;
WALSH, Registered Nurse, Upstate C.F.,

                              Defendants.
_____

APPEARANCES:                                       OF COUNSEL:

ALBERTO RESTO, 01-A-0183
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GEORGE H. LOWE, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me by the Honorable Lawrence E. Kahn, Senior United States District Judge, to

hear and determine all pretrial matters (of a non-dispositive nature) and issue report-

recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and

Local Rule 72.3(c).  Currently before the Court is Plaintiff's motion for leave to proceed *in forma

pauperis*.  (Dkt. No. 2.)  For the reasons discussed below, I deny Plaintiff's motion without

prejudice, and I recommend that the Court issue an Order *sua sponte* dismissing his Complaint

(pursuant to 28 U.S.C. §§ 1915[e][2][B][ii], 1915A) if he does not, within thirty (30) days of the

date of the Court's final Order with respect to this Report-Recommendation, do the following two things: (1) *either* pay the Court's filing fee of three hundred fifty dollars ($350) *or* file a completed motion for leave to proceed *in forma pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time) the Court's filing fee of three hundred fifty dollars ($350); *and* (2) file an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6).

## I.    SUMMARY OF PLAINTIFF'S COMPLAINT

Construed with the extra leniency normally afforded to pleadings drafted by *pro se* civil rights litigants, the Complaint of Alberto Resto ("Plaintiff") alleges that four employees of Upstate Correctional Facility ("Upstate C.F.")–Dr. Weissmane, Nurse Administrator N. Smith, Nurse Chessboard, and Nurse Walsh (collectively "Defendants")–violated his rights under the Eighth and Fourteenth Amendments in two ways: (1) by being deliberately indifferent to his serious medical needs, and (2) by wrongfully disclosing private medical information about him to one or more non-medical-care professionals.  (*See generally* Dkt. No. 1, ¶¶ 3, 7 & Exhibits [Plf.'s Compl.]; Dkt. No. 5 [Exs. to Plf.'s Compl.].)[1]

Unfortunately, the body of Plaintiff's handwritten form Complaint (even read with the utmost of special solicitude) fails to set forth factual allegations plausibly suggesting the events giving rise to these legal claims.  For example, the section of Plaintiff's Complaint labeled "Facts," appears to read as follows:

---

[1]    For example, in the section labeled "Causes of Action" in his form Complaint, Plaintiff states as follows: "My causes of action against Upstate Correctional Facility types [sic] of prisoner rights medical care source [sic] constitutional rights Eight Amendment informational privacy Fourteenth Amendment chapter [illegible] . . . ."  (Dkt. No. 1, ¶ 7 [Plf.'s Compl.].)

> Alberto Resto[,] Claimant[,] filed Claim Number 107447 on March 10, 2003[.]  Claimant demands damages for an assault that claims [sic] was perpetrated on him by [a] correction officer while claimant was confined at Auburn Correctional Facility (Auburn)[.]  He also alleges that shortly after the incident some of the property in his cell was destroyed by [the] correction officer[.]  He seeks [$]30000 for his damaged property and [$]50,000 for [a] personal injury [he] allegedly suffered in the assault.  As testimony indicated that Claimant failed to exhaust his administrative remedies as required by [the] Court of Claims Act 1C9 with reguard [sic] to the a . . . .

(Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)  The recitation of facts abruptly ends mid-sentence.  (*Id*.)  Other parts of the Complaint reveal that the "Claim" to which Plaintiff refers was filed in the New York State Court of Claims, and was against "Auburn Correctional Facility," "Correction Officer Clarke," "Sgt. Martin," and "Correction Officer Darren Gamache."  (*Id*. at ¶ 5[b][i].)  This recitation of facts is so unrelated to Plaintiff's stated Causes of Action, and the exhibits accompanying his Complaint, that I can only conclude that Plaintiff filled out this section of the form Complaint believing it to be a continuation of the section immediately proceeding it, which regarded Plaintiff's "Previous Lawsuits" (and which discussed the complaint he filed with the New York State Court of Claims in March of 2003).

For this reason, I look to the three exhibits attached to Plaintiff's Complaint for factual allegations plausibly elaborating on his legal claims.  His Complaint attaches three one-page written decisions issued by the New York State Department of Correctional Services ("DOCS") Central Office Review Committee on March 12, 2008, February 13, 2008, and January 30, 2008, affirming the Upstate C.F. Superintendent's denial of the following three grievances filed by Plaintiff: (1) Grievance Number UST-33728-07, filed December 26, 2007, labeled "Want to See Dr. Vitamin/Ensure"; (2) Grievance Number UST-33889-08, filed January 7, 2008, labeled

"Nurse Harassing"; and (3) Grievance Number UST-33298-07, filed November 20, 2007, labeled "Didn't Receive [illegible] Meds/Cream." (*See* Dkt. No. 1, Exhibits [Plf.'s Compl.].)  These documents only obliquely hint at what might have been Plaintiff's serious medical needs (giving rise to the Eighth Amendment medical care claim in his Complaint): a need for vitamins, the nutritional drink "Ensure," an unidentified medication, and an unidentified "cream." (*Id*.)  In addition, these documents obliquely hint at what might have been the event giving rise to Plaintiff's invasion-of-privacy claim: an incident when a medical staff member spoke so loudly during a sick call visit to Plaintiff that one or more nearby correctional officers (supervising the visit in order to maintain prison security) overheard Plaintiff's medical condition.  (*Id*.)  These documents do not elaborate further on the facts giving rise to Plaintiff's claims, such as (1) under what disease or infirmity Plaintiff was laboring during the time in question, (2) which individuals committed the wrongs at issue, or (3) when the wrongs occurred.  (*Id*.)

Also accompanying Plaintiff's Complaint are 66 pages of documents (which Plaintiff submitted to the Court approximately a week after filing his Complaint, and which were accepted and docketed by the Court as "exhibits" in support of his Complaint, out of an extension of special solicitude to Plaintiff as a *pro se* civil rights litigant).  (Dkt. No. 5.)  These documents consist of approximately 36  handwritten grievance complaints authored by Plaintiff on the following dates: October 30, 2007; November 15, 2007; December 2, 2007; December 4, 2007; December 10, 2007; December 15, 2007; December 18, 2007; January 1, 2008; January 5, 2008; January 13, 2008; February 14, 2007; February 27, 2008; March 11, 2008; March 15, 2008; March 21, 2008.  (*Id*.)  They also consist of two memoranda from Defendant Smith to Plaintiff, dated December 18, 2007, and February 14, 2008.  (*Id*.)  Generally, the grievance complaints

allege that, on various (often unidentified) dates, Defendants Walsh, Smith, Chessman, and/or unidentified medical staff members (1) in some way denied him medical care for what Plaintiff calls his "althiec [sic] feet," "dry skin," "soore [sic] throat," "stuffy nose," and/or (2) denied his requests for "foot powder," an "ointment bactiera [sic] cream for dry skin [and] for rash [on feet]," "Ensure nutritional supplement," a "multiply [sic] vitamin," "ear drop[s] [for ear] wax," and/or "optometrist eye glasses [sic]." (*Id*.)

However, the grievance complaints are barely, if at all, legible; they are arranged out of chronological order; they wander freely from one event to the next; and they often omit details such as the time and place of a wrongful act, as well as the identity of the actor. (*Id*.) In addition, the grievance complaints are not referenced in any specific way in the body of Plaintiff's Complaint. (Dkt. No. 1.)

## II.    DISCUSSION

### A.    Deficiencies in Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*

Plaintiff has failed to complete the Northern District's form Application to Proceed without Full Payment of Fees. (Dkt. No. 2.) Specifically, he has failed to answer Question Numbers 2.b., 3.a., 3.b., 3.c., 3.d.. 3.e., 3.f., 4, 5 and 6. (*Id*.) In addition, he has failed to have the appropriate official at Upstate C.F. complete and sign the Certificate at the end of the form. (*Id*.) While I do not find that the failure to answer any one question on the Northern District's form Application constitutes a *per se* failure to show cause for the granting of a motion to proceed *in forma pauperis*, I do find that Plaintiff's failure to complete the eleven portions of the form specified above simply leaves me without sufficient information necessary to find that he is without enough funds to pay the Court's filing fee of three hundred fifty dollars ($350). I note

that Plaintiff has indicated, in his motion, that he has two hundred dollars ($200) in his facility

bank account.  (*Id*. at 2.)

Furthermore, the Inmate Authorization Form that Plaintiff submitted with his motion was

an *outdated* form, which stated that Plaintiff consents to pay (over time) the District's *former*

filing fee of one hundred fifty dollars ($150), not its *current* filing fee of three hundred fifty

dollars ($350).  (Dkt. No. 3.)  By Order filed March 27, 2008, I specifically notified Plaintiff of

this error, and directed him to complete and file a current form by April 27, 2008, upon penalty

of possible dismissal of his Complaint.  (Dkt. No. 4 [Order filed March 27, 2008].)  However, to

date he has failed to complete and file a current form.

For each of these alternative reasons, I deny Plaintiff's motion for leave to proceed *in*

*forma pauperis* without prejudice.  In addition, I recommend that the Court issue an Order

dismissing Plaintiff's Complaint if he does not, within thirty (30) days of the date of the Court's

final Order with respect to this Report-Recommendation, *either* (1) pay the Court's filing fee of

three hundred fifty dollars ($350), *or* (2) file a completed motion for leave to proceed *in forma*

*pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time)

the Court's filing fee of three hundred fifty dollars ($350).

### B.    Deficiencies in Plaintiff's Complaint

Setting aside the deficiencies in Plaintiff's motion for leave to proceed *in forma pauperis*,

I find that Plaintiff's Complaint is subject to *sua sponte* dismissal (pursuant to 28 U.S.C. §§

1915[e][2][B][ii], 1915A) due to the following five pleading deficiencies:

(1) The body of Plaintiff's Complaint is so devoid of factual detail, and the 36-odd

grievance complaints accompanying the Complaint are so illegible and lacking in essential

details, and wander so freely from one circumstance to the next, that, as a whole, the Complaint

is confusing, ambiguous, vague and/or otherwise unintelligible under Fed. R. Civ. P. 8(a)(2) and

10(b);

(2) To the extent that Plaintiff is indeed trying to assert claims arising out of the events at

issue in the complaint he filed with the New York State court of claims in March of 2003, those

claims appear to be barred by the three-year limitations period governing claims brought under

42 U.S.C. § 1983 in federal courts sitting in New York State;

(3) To the extent that Plaintiff's inadequate-medical-care claim arises out of a

disagreement with Defendants over how his medical conditions should be treated (which appears

to be the main thrust of what Plaintiff is alleging), such a disagreement is simply not actionable

under 42 U.S.C. § 1983;[2]

(4) To the extent that Plaintiff's breach-of-privacy claim arises out of an incident when a

---

[2]        *Sonds v. St. Barnabas Hosp. Corr. Health Servs.,* 151 F. Supp.2d 303, 312
(S.D.N.Y. 2001) ("[D]isagreements [between a prisoner and prison officials] over medications . .
. are not adequate grounds for a section 1983 claim.  These issues implicate medical judgments
and, at worst, negligence amounting to medical malpractice, but not the Eighth Amendment.")
[citation omitted]; *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate
indifference [for purposes of an Eighth Amendment claim] describes a state of mind more
blameworthy than negligence."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that
a physician has been negligent in diagnosing or treating a medical condition does not state a valid
claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
become a constitutional violation merely because the victim is a prisoner."); *Murphy v. Grabo*,
94-CV-1684, 1998 WL 166840, at *4 (N.D.N.Y. Apr. 9, 1998) (Pooler, J.) ("Deliberate
indifference, whether evidenced by [prison] medical staff or by [prison] officials who allegedly
disregard the instructions of [prison] medical staff, requires more than negligence.  . . .
Disagreement with prescribed treatment does not rise to the level of a constitutional claim. . . .
Additionally, negligence by physicians, even amounting to malpractice, does not become a
constitutional violation merely because the plaintiff is an inmate. . . .  Thus, claims of
malpractice or disagreement with treatment are not actionable under section 1983.") [citations
omitted].").

medical staff member *negligently* spoke so loudly during a sick call visit to Plaintiff that one or more nearby correctional officers (supervising the visit in order to maintain prison security) overheard Plaintiff's medical condition, such negligence (whether it is the subject of a claim asserted under the Fourteenth Amendment or the Fourth Amendment) is not actionable under 42 U.S.C. § 1983;[3] and

(5) To the extent that Plaintiff is, in this action, trying to assert claims arising out of the events that were the subject of his handwritten grievance complaints dated March 11, 15, and 21 of 2008, Plaintiff's allegations about the efforts he took to exhaust his available administrative remedies regarding those grievances are so specific (*see, e.g.*, Dkt. No. 1, ¶ 4.b.ii. & Exhibits [Plf.'s Compl.])–and yet so conspicuously devoid of any explanation of how he could have possibly appealed to, and have heard from, DOCS' Central Office Review Committee regarding those grievances by March 24, 2008 (the date his Complaint in this action was postmarked)–that he has effectively "pled himself out of court" with regard to those claims.[4]

---

[3]    *See Daniels v. Williams*, 474 U.S. 327, 331-33 (1986) (stating that "injuries inflicted by governmental negligence are not addressed by the United States Constitution" and rejecting Section 1983 claim based on alleged due process violation under Fourteenth Amendment); *Franks v. Delaware*, 438 U.S. 154, 171 (1978) ("Allegations of negligence or innocent mistake are insufficient [to state a claim under the Fourth Amendment]."); *Riddick v. Modeny*, No. 07-1645, 2007 WL 2980186, at *2 (3d Cir. Oct. 9, 2007) ("The protections afforded prisoners by the Due Process Clause of the Fourteenth Amendment are not triggered by the mere negligence of prison officials."); *Billington v. Smith*, 292 F.3d 1177, 1190 (9th Cir. 2002); ("The Fourth Amendment's 'reasonableness' standard is not the same as the standard of 'reasonable care' under tort law, and negligent acts do not incur constitutional liability.").

[4]    A prisoner has no independent *duty* to plead facts plausibly suggesting that he exhausted his available administrative remedies, in order to state an actionable claim under 42 U.S.C. § 1983. *See Jones v. Block*, 127 S. Ct. 910, 919-21 (2007). "[T]his is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim." *Block*, 127 S. Ct. at 919-21. If a prisoner *chooses* to plead facts regarding exhaustion, and those facts plausibly suggest that he failed to exhaust his available administrative remedies, then his Complaint may

For all of these reasons, I recommend that the Court issue an Order *sua sponte* dismissing Plaintiff's Complaint unless, within thirty (30) days of the date of the Court's final Order with regard to this Report-Recommendation, he files an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6) (in addition to satisfying the condition described above in Part II.A. of this Order and Report-Recommendation).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **<u>DENIED</u>** without prejudice; and it is further

**RECOMMENDED** that the Court issue an Order *sua sponte* **<u>DISMISSING</u>** Plaintiff's Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, if he does not, within **<u>THIRTY (30) DAYS</u>** of the date of the Court's final Order with respect to this Report-Recommendation, do both of the following two things:

(1) Either (a) pay the Court's filing fee of three hundred fifty dollars ($350) or

(b) file a completed motion for leave to proceed *in forma pauperis* accompanied by a completed Inmate Authorization Form agreeing to pay (over time) the Court's filing fee of three hundred fifty dollars ($350); *AND*

(2) File an Amended Complaint that complies with Fed. R. Civ. P. 8(a)(2), 10(b), and 12(b)(6).

---

be dismissed for failure to state a claim.  *Id*. at 920-21.  Simply stated, if a prisoner says nothing or little about exhaustion in his *pro se* civil rights complaint, he is likely protected from a Fed. R. Civ. P. 12(b)(6) dismissal premised on failure to exhaust.  However, if he says too much about exhaustion in that complaint so that his non-exhaustion is readily apparent, he may plead himself out of court.

9

**BE ADVISED** that any objections to this Report-Recommendation must be filed with the Clerk of this Court within **TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS** from the date of this Report-Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ALSO ADVISED** that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance.[5]

**BE ALSO ADVISED** that the failure to file timely objections to this Report-Recommendation will **PRECLUDE LATER APPELLATE REVIEW** of any Order of judgment that will be entered. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

---

[5]        *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

Dated: June 2, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge